IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                     Criminal No. 1:02cr36-12

DEBBIE ROGERS,
        Defendant.

**ORDER/OPINION**

On the 26th day of August, 2005, came the defendant, Debbie Rogers, in person and by her counsel, Tom Kupec, and also came the United States by its Assistant United States Attorney, Shawn Morgan, pursuant to a Petition for Warrant or Summons for Offender Under Supervision filed in this case on June 30, 2005, and a Supplemental Violation Report filed on August 24, 2005, alleging defendant:

2)     Violated the Special Condition that she enter the 30 day inpatient substance abuse treatment program at the ACT Unit in Fairmont, WV;

3)     Violated Conditions No. 3 and No. 6 that she answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer and notify the Probation Officer ten days prior to any change in residence or employment;

4)     Violated Standard Condition No. 10 that she permit the Probation Officer to visit her at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the Probation Officer; and

5)     Violated the Standard Condition that she not illegally possess a controlled substance.

The grounds for the allegations in the Petition for Warrant or Summons for Offender Under Supervision were stated as follows:

On November 17, 2004 and November 24, 2004, Ms. Rogers tested positive for cocaine. In lieu of court action, the Probation Officer recommended that Ms. Rogers be given the chance to attend an outpatient treatment program.

On December 3, 2004 and January 10, 2005, Ms. Rogers tested positive for cocaine. In lieu of court action, the Probation Officer recommended that Ms. Rogers be given the opportunity to continue with an ongoing outpaitnet treatment program.

On March 9, 2005, Ms. Rogers tested positive for cocaine. In lieu of revocation, the Probation Officer recommended that Ms. Rogers enter a residential substance abuse treatment program. On April 18, 2005, Your Honor approved this recommendation.

On April 20, 2005, the Probation Officer notified Your Honor that due to injuries Ms. Rogers sustained as a result of falling out of a moving vehicle, her entry into an inpatient program would be delayed. The Probation Officer also advised Your honor that in the interim, Ms. Rogers would be required to continue to see our treatment provider, Jack Torsney, on an outpaitent basis.

Following Ms. Rogers' release from the hospital in early April of 2005, she notified the Probation Officer that until she recuperated, she would be residing with her mother. Ms. Rogers was instructed to immediately notify the Probation Officer of any change of address.

On April 12, 2005, Ms. Rogers advised the Probation Officer that she was now residing with her sister. Once again, Ms. Rogers was instructed to notify the Probation Officer of any change of address.

On April 28, 2005, the Proabtion Officer attempted to make contact with Ms. Rogers at her sister's residence, but was advised that approximately one week prior, Ms. Rogers returned to reside with Ms. Tammy Thomas. In response, the Probation Officer mailed a letter and a certified letter to Ms. Rogers' post office box scheduling an office visit for May 6, 2005.

On May 4, 2005, the Probation Officer received Ms. Rogers' Monthly Supervision Report wherein she noted she was now residing with Ms. Tammy Thomas.

On May 6, 2005, Ms. Rogers no-showed for the aforementioned office visit with the Probation Officer.

On May 20, 2005, the Probation Officer made a "surprise" home visit to the residence of Tammy Thomas. The Probation Officer was advised by Ms. Thomas and a second adult occupant that Ms. Rogers was not at home. During an ensuing inspection of the residence, the Probation Officer discovered Ms. Rogers hiding under a bed in the master bedroom. When questioned as to why she no showed for

an office appointment on May 6, 2005, Ms. Rogers stated that she had not been able to check her post office box in some time. She further advised the Probation Officer that any further mail should be sent to Ms. Thomas' post office box. At that time, Ms. Rogers was instructed to report to the probation office in person on May 26, 2005.

On May 26, 2005, Ms. Rogers reported to the probation office as instructed. She advised the Probation Officer that she was now residing with a former husband and their child and that all further mail should be sent tho his post office box. Ms. Rogers was again advised to notify the Probation Officer of any change of address. Ms. Rogers further noted that she continues to attend physical rehabilitation and that within the next month or so, she hoped to be healthy enough to enter residential treatment. Ms. Rogers was instructed to contact Mr. Jack Torsney and request to be placed back on the waiting list for the ACT Unit. A drug test taken that day was negative.

On May 31, 2005, the Probation Officer confirmed that Ms. Rogers was back on the ACT Unit's waiting list.

On June 21, 2005, the Probation Officer confirmed that Ms. Rogers continued to speak with Mr. Jack Torsney on a regular basis.

On June 21, 2005, the Probation Officer mailed letters and certified letters to Ms. Rogers' last three known addresses, scheduling an office visit for June 28, 2005.

On June 27, 2005, the ACT Unit contacted the Probation Officer to advise that Ms. Rogers had a bed date for July 7, 2005, and requested the Probation Officer instruct Ms. Rogers to contact them.

On June 27, 2005, the Probation Officer attempted to contact Ms. Rogers by calling Ms. Thomas' cell phone number, but discovered that that number was no longer in service.

On June 28, 2005, Ms. Rogers no showed for the aforementioned scheduled office visit with the Probation Officer.

On June 29, 2005, the Probation Officer contacted the ACT Unit to advise I was not able to inform Ms. Rogers of her bed date. The ACT Unit advised the Probation Officer that Ms. Rogers' bed date will be give [sic] to the next person on the list.

Based on the above information, the Probation Officer now feels compelled to request a warrant for Ms. Rogers' arrest.

On August 24, 2005, the Probation Officer filed a Supplemental Violation Report reporting that, upon Ms. Rogers' arrest on the warrant for the above-mentioned violations, the United States Marshals recovered a small "fanny pack" containing Ms. Rogers' wallet and other identifying information. Said "fanny "pack" also contained a small amount of suspected marijuana and various items commonly used to ingest illegal substances.

Prior to the taking of evidence, counsel for Defendant waived the preliminary hearing and conceded probable cause existed to forward this revocation matter to Chief District Judge Irene M. Keeley for hearing and disposition.

The Court then explained the charges contained in the Petition and Supplemental Violation Report and the effect of the proposed waiver to Defendant and inquired of her as to the voluntariness of her decision to waive the preliminary hearing. From the colloquy between the Court and the defendant, the Court concluded Defendant's decision to waive the preliminary hearing was knowingly and voluntarily made.

Defendant then orally moved the Court for an order releasing her from the custody of the U.S. Marshal and placing her on bond for a 10-hour release to see her 15-year-old child on Saturday, August 27, 2005. The United States opposed the motion. The Court heard argument from both Defendant and the United States on this issue. The Court noted that Defendant did not have a right to her release.

Notwithstanding the above, and not wishing to punish the child for the acts of his mother, the Court decided to permit Defendant's release if all the following conditions were met: 1) The release would be for 10 hours only; 2) Defendant must leave from the Regional Jail and be returned to the Regional Jail; 3) A third party must sign the Order Setting Conditions of Release agreeing

to act as third-party custodian; 4) The Probation Officer must have information regarding the third-party custodian and inform the Court that he is satisfied the third party has a stable place to live, has no drug or felony background, is willing to act as a third-party custodian for Defendant, is willing to provide transportation for Defendant to and from the visit with her son, understands that Defendant cannot be out of sight, understands he or she must report to police and Probation Office any violation of the conditions of release or any attempt to flee, and must be willing to return her to custody at the Regional Jail. It was a further condition that the Regional Jail permit the release.

The Court then recessed for Defendant and the Probation Officer to determine whether the above conditions could be met. After a brief recess, the United States Probation Officer attending informed the Court that the proposed third-party custodian was not willing to act as the third-party custodian and there was no other party to act as third-party custodian.

Upon consideration of all which, the Court finds there is probable cause to believe that the defendant violated conditions of her supervised release as alleged and numbered 2, 3, 4, and 5 of the Petition for Warrant or Summons for Offender Under Supervision filed June 30, 2005, and the Supplemental Violation Report filed August 24, 2005.

It is therefore **ORDERED** that the defendant be bound over for a full hearing before the Honorable Irene M. Keeley, Chief Judge of the United States District Court for the Northern District of West Virginia on Violations Nos. 2, 3, 4, and 5 of the Petition for Warrant or Summons for Offender Under Supervision dated June 30, 2005, and the Supplemental Violation Report filed August 24, 2005.

It is further **ORDERED** that the defendant's motion to be released on bond be, and the same is, hereby **DENIED**, and it is accordingly

**ORDERED** that the defendant be remanded to the custody of the United States Marshal for further proceedings herein.

The clerk of the court is directed to send a copy of this order to counsel of record.

DATED: August 31, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE